UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TINA PEDRIZZETTI BERTUCCIO,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SAN BENITO COUNTY; SANTA CLARA COUNTY; STATE OF CALIFORNIA; SOCIAL SECURITY ADMINISTRATION; U.S. GOVERNMENT,<br><br>　　　　　　Defendants. | Case No.: 13-CV-01339-LHK<br><br>ORDER DISMISSING ACTION WITH LEAVE TO AMEND |

On March 25, 2013, Plaintiff Bertuccio filed a Complaint naming as Defendants "San Benito Cty et al and/or Santa Clara County et al[;] State of California[;] Social Security Administration[;] U.S. Government." ECF No. 1.  Plaintiff has also filed an Application to Proceed in Forma Pauperis ("IFP Application"), ECF No. 3, as well as the following *ex parte* motions: "Motion for Summary Judgment, Emergency Motion to Shorten Time, Motion for Reassignment to a United States District Judge," ECF No. 4; "Motion for Emergency Relief and Judgment; Motion to Waive Any Filing Problems," ECF No 5; "Motion to Shorten Time for Government to Administratively Adjudicate the Claim[;] Motion to Waive the Time the Plaintiff Tina Bertuccio Has To Wait To File Civil Suit," ECF No. 6; "Request for Emergency Orders Ex Parte and Summary Judgment Req. for Our Legal Identifying Docs[;] Req. for Specific Gov. Code if denied[;] Jud. Review Request for Judge to Enforce the Legal Documents," ECF No. 9.  The Court

1

Case No.: 13-CV-01339-LHK
ORDER DISMISSING ACTION WITH LEAVE TO AMEND

1  first DENIES Plaintiff's IFP Application and DISMISSES the Complaint with leave to amend, and
2  then DENIES as moot Plaintiff's pending *ex parte* motions.

### A. In Forma Pauperis Application

Under the federal in forma pauperis statute, a court may authorize the commencement of a suit without prepayment of the filing fee required by the clerk of the court if the plaintiff submits an affidavit of poverty showing that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). However, even if the plaintiff makes an adequate showing of poverty, the Court may deny leave to proceed in forma pauperis and dismiss the complaint if it determines at the outset "from the face of the proposed complaint that the action is frivolous or without merit," or the action fails to state a claim on which relief may be granted. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle,* 152 F.3d 1113, 1115 (9th Cir.1998); *see also* 28 U.S.C. § 1915(e); *Calhoun v. Stahl*, 245 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

A complaint is frivolous if "it has no arguable substance of law or fact." *Tripati,* 821 F.2d at 1370 (citations omitted); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke,* 490 U.S. at 325. In order to state a claim on which relief may be granted, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court is concerned about the sufficiency of Plaintiff's IFP Application. Plaintiff has declared under penalty of perjury that she is not presently employed, that she is facing eviction, and that her monthly expenses are $950.00. However, in completing the Application to Proceed in Forma Pauperis, Plaintiff has left significant portions of the application blank. Specifically, she does not indicate "the date of last employment and the amount of the gross and net salary and wages per month" she received, and she has not indicated whether or not she has received within the past twelve months any money from "Business, Profession or self employment"; "Income from stocks, bonds, or royalties"; "Rent payments"; or "Pensions, annuities, or life insurance payments." IFP Application at 1-2. She states that she has been receiving money from a government source,

2
Case No.: 13-CV-01339-LHK
ORDER DISMISSING ACTION WITH LEAVE TO AMEND

but does not specify which source. *Id.* at 2. She offers only the following explanation: "I have been accepting an illegal check issued by Audrey Franco ITF Gail Franco $550.00 for rent. . . . I now refused to accept it and have an eviction notice." *Id*. She also indicates "unknown" in response to whether she owns a home or automobile, a bank account, or any cash. *Id.* at 3. She states, "see attached complaint for explanation of unknowns," which appears to reference her entire Complaint. *Id.* Plaintiff does note on the IFP Application form that she is unable to afford access to a computer to print paper work or to make copies. *Id.* at 1.

However, the Court's greater concern lies with the sufficiency of the Complaint. Even construing Plaintiff's pro se Complaint liberally, *see Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003), it is not clear from the face of the proposed Complaint which substantive claims Plaintiff is pursuing, or what relief is sought. This confusion is compounded by the fact that the Complaint's paragraphs are not numbered, nor is each paragraph limited to a single set of circumstances. *See* Fed. R. Civ. P. 10 ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.") More importantly, the Court is unable to determine which parts of the Complaint show that Plaintiff is entitled to relief, or what relief Plaintiff seeks. *See* Fed. R. Civ. P. 8(a):

> Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Court discerns that Plaintiff's claims arise out of her initial allegation that "defendents [sic] caused personal injury and pain, acquired my unclaimed property, illegally documented me under a fictitious name, [and] illegally took my child." Compl. at 1. However, the subsequent paragraphs do not provide sufficient factual allegations to substantiate these claims, do not distinguish between which allegations are brought against which defendant, and do not identify the relief the Plaintiff seeks. As a result, the Court DENIES Plaintiff's IFP Application, and DISMISSES the Complaint.

### B. Leave to Amend

However, the Court gives Plaintiff leave to amend her Complaint and re-file a new IFP application. A court should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati,* 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Tripati,* 821 F.2d at 1370 (quoting *Franklin v. Murphy,* 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)). In this case, Plaintiff may be able to cure the deficiencies of the Complaint by clearly identifying the factual basis of her allegations in numbered paragraphs, specifying which allegations are brought against which Defendants, and clearly identifying the relief that she requests. Accordingly, Plaintiff is given leave to file an amended Complaint within 21 days of this Order. Plaintiff may also file a new IFP Application, provided that the application answers each of the questions to the best of Plaintiff's ability, and explicitly explains any "unknown" information.

### C. *Ex Parte* Communications with the Court

Plaintiff has not served any of the Defendants, nor notified them of any of her subsequent motions. Because the opposing parties were not notified of the motions, these motions are considered *ex parte* communications. *See* Civil Local Rule 1-5(d) ("*Ex parte* means contact with the Court without the advance knowledge or contemporaneous participation of all other parties.").

If not ordered by the assigned judge, *ex parte* motions are prohibited unless "a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." Civil Local Rule 7-10. None of Plaintiffs' motions identified any authorization for her *ex parte* communications. This alone would justify denial of Plaintiff's four *ex parte* motions. Moreover, because this Order dismisses Plaintiff's Complaint, Plaintiff's pending motions are DENIED as moot.

**IT IS SO ORDERED.**

Dated: May 15, 2013

_____
LUCY H. KOH
United States District Judge