UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TINA PEDRIZZETTI BERTUCCIO,<br><br>               Plaintiff,<br>     v.<br><br>SAN BENITO COUNTY; SANTA CLARA COUNTY; STATE OF CALIFORNIA; SOCIAL SECURITY ADMINISTRATION; U.S. GOVERNMENT,<br><br>               Defendants. | Case No.: 13-CV-01339-LHK<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE |

Pending before the Court are Plaintiff Bertuccio's Second Application to Proceed in Forma Pauperis ("Second IFP Application"), ECF No. 13, and Motion for Judgment as a Matter of Law, ECF No. 14. For the reasons stated below, the Court DENIES Plaintiff's Second IFP Application, DISMISSES with prejudice Plaintiff's Amended Complaint, and DENIES as moot Plaintiff's Motion for Judgment as a Matter of Law, and VACATES the Case Management Conference set for July 24, 2013.

**I.     Background**

On March 25, 2013, Plaintiff Bertuccio filed a Complaint before this Court. ECF No. 1. Plaintiff also filed an Application to Proceed in Forma Pauperis ("IFP Application"), ECF No. 3, as well as several *ex parte* motions. ECF Nos. 4, 5, 6, 9. On May 15, 2013, the Court denied Plaintiff's IFP Application, dismissed the complaint with leave to amend, and denied as moot Plaintiff's pending *ex parte* motions. ECF No. 11 ("Order Dismissing Complaint"). On June 5,

1

Case No.: 13-CV-01339-LHK
ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE

2013, Plaintiff filed an Amended Complaint, naming as Defendants "San Benito County et al. and/or Santa Clara County, State of California, Social Security Administration/Federal Government." ECF No. 15 ("AC"). On that date, she also filed a second IFP Application, ECF No. 13, and a Motion for Judgment as a Matter of Law, ECF No. 14.[1]

## II. IFP Standard

Under the federal in forma pauperis statute, a court may authorize the commencement of a suit without prepayment of the filing fee required by the clerk of the court if the plaintiff submits an affidavit of poverty showing that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). However, even if the plaintiff makes an adequate showing of poverty, the Court must deny leave to proceed in forma pauperis and dismiss the complaint if it determines that the action is "frivolous or malicious," or the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). *See also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle,* 152 F.3d 1113, 1115 (9th Cir. 1998); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). In order to state a claim on which relief may be granted, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Failure to State a Claim on which Relief May Be Granted

The Court previously raised concerns both about the content of Plaintiff's first IFP Application, and the sufficiency of her original Complaint. Plaintiff's second IFP Application and Amended Complaint reflect an effort to respond to the Court's order. Plaintiff's second IFP application clarifies the ambiguities which the Court identified, and Plaintiff's Amended Complaint has organized the factual allegations by Defendant.

However, even construing Plaintiff's pro se Amended Complaint liberally, *see Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003), the Court remains unable to discern which

---

[1] The body of this motion states in full "I will, and hereby do, move for an order granting my motion for judgment as a matter of law. This motion is based on the attached complaint and exhibits." ECF No. 14.

substantive claims Plaintiff seeks to pursue, or what relief she seeks. Plaintiff still identifies no cause of action, and the Court cannot determine the nature of the relationship between Plaintiff's factual allegations and her requested relief. Plaintiff's Amended Complaint includes twelve pages of factual allegations, followed by two paragraphs which are reproduced in full below:

> 6. Claims
> 1.a. ALL the defendants have pre-filed documents, stating what is owed to me. I want to request from the defendants a request for production and inspection of these documents. They knew in advance there was a possibility of proving their wrong-doings.
> 7. Demand for Relief
> I want the court to order defendants to give to myself and my family, what they promised. Give back my unclaimed property. I want the amount of money all defendants agreed to and filed. I want my and my families [sic] proper identification returned. They all agreed to a very large amount and I accept. I refuse to pay anything for their participation and this is what I can legally decide."
> AC, p. 21. [2]

Because Plaintiff has not alleged what relief she seeks from whom, or why the alleged facts entitle her to such relief, the Court DENIES Plaintiff's IFP Application, and DISMISSES the Complaint.

### B. Leave to Amend

The Court has already once granted Plaintiff leave to amend her Complaint and re-file a new IFP application. A court should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati,* 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati,* 821 F.2d at 1370 (quoting *Franklin v. Murphy,* 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)). The Court previously found that Plaintiff might be able to cure the deficiencies of the Complaint by clearly identifying the factual basis of her allegations in numbered paragraphs, specifying which allegations are brought against which Defendants, and clearly identifying the relief that she requests. After giving Plaintiff an

---

[2] The words "and my family" are written in the margins next to both paragraphs.

opportunity to amend her Complaint, the Court remains unable to discern the nature of the requested relief, or its relationship to Plaintiff's factual allegations.  The Court finds further amendment would be futile and thus DISMISSES this action with prejudice.

      The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 19, 2013

                                                     LUCY H. KOH
                                                     United States District Judge

Case No.: 13-CV-01339-LHK
ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE